Ewing, C. J.
Judgment was rendered on the fifteenth *219] day of *May, 1826, in favor of John Scott and Henry Y. Garretson, against John Hutchings, by Nicholas Boraem, Esquire, recorder of the city of New Brunswick, in a plea of debt, for divers articles of goods, wares and merchandise, sold and delivered, and specifically enumerated in the state of demand. The proceedings were conducted in the manner usual before justices of the peace, and prescribed in the act constituting courts for the trial of small causes.
The plaintiff in certiorari moves to reverse the judgment, because the recorder had not jurisdiction of the subject matter, not being a justice of the peace of any county ; nor of the person of the defendant, as it is not shewn that he was a corporator or resident within the city; and because the legislature cannot constitutionally confer on a corporation officer the powers of a justice of the peace.
The sixty-second section of the act constituting courts for the trial of small causes, Rev. Laws 646, enacts that “ the mayor, recorder and aldermen of any city, borough or town corporate, or any and each of them, shall be deemed, esteemed and taken, to be a justice of the peace, for the *275 trial of causes hereby authorized within the intent and meaning of this act; but nothing herein contained shall be construed or taken to enlarge the territorial jurisdiction of the said several and respective offices; but the same shall be and remain co-extensive with the limits of the borough or city for which they are respectively appointed and commissioned.” From the plain and unambiguous language of this section, it is manifest that a similar jurisdiction is given to these corporation officers within their corporate limits as is given by the act to justices of the peace of the several counties within their respective counties. The “cases hereby authorized within the intent and meaning of this act,” ai’o the cases over which jurisdiction is given by the act to the justices of the counties. The territorial jurisdiction of the mayor, recorder or aldermen, is declared co-extensive with the limits of the borough or city for which ho is appointed and commissioned, in the same terms and to the same effect, as the territorial jurisdiction of a justice of the peace of a county is, by the second section, declared to bo co-extensive with the limits of the county for which he is appointed and commissioned. No word or phrase is to be found in the act which restrains the jurisdiction to causes of action arising within the city or *borongh, or the [*220 parties to corporators or persons residing there. The provision of the tenth section of the act to amend the charter of the city of Now' Brunswick, Mev. Laws 508, that nothing therein contained should authorize the mayor, recorder or aldermen to commit to the said gaol any debtor or debtors not residing in the said city, is necessarily extended by the operation of the act above recited. A cause of action cognizable before a justice of the county is therefore within the jurisdiction of a corporation officer, and a person amenable to the process of the former is liable to the process issued by the latter, if found within his territorial limits. Hence, as the justice may by the express terms of the act, hear, try and determine the suit, although the cause of action did not *276 arise within the county, and as it is in no wise required that either party should be a resident of the county, it follows that it is not necessary to aver or shew the cause of action to' have arisen within the city or borough, or that the defendant was a resident there. In the case of John Arnwine v. John Polhemus, on certiorari to the recorder of the city of Trenton, in the term of May, 1796, it was decided by this court that the recorder, as a justice of the peace, had jurisdiction in a plea of debt against a defendant not an inhabitant of the city of Trenton, and that a 'freeholder and resident of the county of Hunterdon, not being a freeholder and resident of the city, was liable to arrest by a constable of the corporation on a warrant issued in such plea by the recorder.
On the argument at the bar, it was argued that the recorder of'New Brnnswick had no jurisdiction because there could be no appeal to any Court of Common Pleas, no appeal being expressly given, and the situation of the city, lying in two counties, rendering it impracticable. Great weight would be justly due to this argument if the appeal were of the essence of the jurisdiction, or the latter could not subsist without it. But such is not the consequence; and although the right of review is justly cherished in our judicial system, and ought sedulously to be sustained, yet it is not vital to any jurisdiction, nor would it be here denied, if there can be no appeal, for in such case a writ of certiorari would certainly be supported. "Whether then there can be an appeal from the recorder, and whether to the court of Middlesex or Somerset, are questions not necessary for us on’this occasion to examine or decide, and we need • *221] only say that a reasonable doubt in this *respect would form a sufficient ground and motive for legislative interference.
It remains to enquire whether the legislature may consistently _ with the constitution, confer the powers and authorities of justices of the peace on the mayor, recorder *277 or aldermen of a city or borough. The argument of the plaintiff’s counsel is that the constitution provides for the appointment of justices of the peace only, not for corporate officers, and that to exercise these powers and authorities, the individual must be appointed according to that instrument to bo a justice of the peace. The practical construction given to the constitution by conferring on these officers the powers of justices of the peace in the incorporation of almost every city or borough since the year 1776, ^affords a very convincing answer to this argument. In the charter of New Brunswick, Rev. Laws 506, it is declared that “the mayor, recorder and aldermen shall he justices of the peace ex-officio within the said city, and shall be appointed by the Council and General Assembly of this state in joint meeting and commissioned by the governor, in the same manner as the judges and justices of the peace throughout the same are appointed and commissioned and shall continue in office for the same time, and be amenable in like manner to the “ Council and General Assembly.” So in all other corporations. These corporation officers, it appears then, are justices of the peace. They are appointed by the same body, exercise, the same powers, perform the same duties, continue in office for the same period, are commissioned in the same manner, and are amenable for misbehavior to the same tribunals as other justices of the peace. They have not indeed precisely the same name. Nor is this in any wise essential. Nor does it abrogate their authority as justices that other powers are given to them and other duties required from them; for by the same process of reasoning, the annexation of some now power or duty, as has been done in divers instances by legislative acts, would destroy the ancient office of a justice of the peace; and yielding to the argument we must follow it out to its inevitable extent, that the powers, duties and authorities of justices must at all time remain as they were at the formation of the constitution. Jt is further to be noticed that *278 although the constitution mentions justices of the peace, it by no means defines their powers, nor prescribes the limits of their jurisdiction, either as to subject matter or territory. *222] It speaks of “justices of *the peace,” but without any territorial adjunct of county, city or state. The sixty-second section of the act constituting courts for the trial of small causes is perfectly consistent with the constitution.
Ford, J.
This certiorari, which is directed to Nicholas Boraem, Esq., recorder of the city of New Brunswick, brings up a judgment rendered by him against John Hutchings, for fifty dollars and seventeen cents, in favor of Scott and Garretson, in an action of debt, by default. The first exception, that there was no adjournment of the parties to any day for trial, and that the defendant below was surprised, appears not to be supported; there was a regular adjournment, of which the defendant below had proper notice.
The jurisdiction of the recorder to try causes as a justice of the peace, under the act constituting courts for the trial of small causes, was then denied. The sixty-second section of that statute Rev. Laws 646, enacts, “ that the mayor, recorder and aldermen of any city, town corporate or borough, and any, and each of them, shall be deemed, esteemed and taken to be a justice of the peace for the trial of causes hereby authorized, within the true intent and meaning of this act.” These words grant to those officers an express jurisdiction, which this court has no power to take away.
It was next objected, that their power was .restricted to causes arising between corporators or members of the city, and could not be extended over other persons. The act provides that “ nothing herein contained shall be construed or taken to enlarge the territorial jurisdiction of those officers, but the same shall be and remain co-extensive with the limits of the city.” Their process, therefore, cannot run beyond the limits of the city, any more than the process of *279 a justice can run beyond the limits of his county; each has a territorial limit; but their jurisdiction is complete over all persons within their respective territories; in the city, whether they are members of the city or not, and in the county, whether they are members of the county or not. Ho restriction to persons is imposed in either case, and consequently there is none.
A question was mooted touching the proper county to which an appeal from the city should he carried, the city being composed partly of one county and partly of another. I do not see why the *appeal should not be according [*223 to the county in which the officer resides. It is residencie which gives the rule for assessments, taxes, the exercise of the elective franchise, and payment of tavern licenses. But I give no opinion upon a matter that is not before ns in the cause. The recorder has an express jurisdiction, and has not exercised it in this case erroneously; we must therefore affirm the judgment; and if a question touching the proper county to take cognizance of appeals should ever come up, it will then be the right time to consider it.
Leake, J. concurred.
Judgment affirmed.